IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KRISTIN TREMMEL,

    Plaintiff,

v.                                              CASE NO. 1:10-cv-00017-SPM-GRJ

I.C. SYSTEM, INC.,

    Defendant.

_____/

## ORDER

Pending before the Court are: (1) Defendant's Motion For Leave To Amend Responses To Request For Admissions (Doc. 14) to which Plaintiff has filed a Response (Doc. 17); (2) Defendant's Motion For Reconsideration (Doc. 13) to which Plaintiff has responded (Doc. 18); and (3) Defendant's Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment (Doc. 16) to which Plaintiff has responded. (Doc. 19.)

## Discussion

In its Motion for Leave to Amend Responses to Requests For Admissions, Defendant requests the Court to enter an order authorizing it to serve responses to Plaintiff's request for admissions, which the Court deemed admitted in its August 27, 2010 Order granting Plaintiff's Motion to Compel Discovery, because Defendant had not served responses. (Doc. 11.)

The following discovery prompted the Court's August 27 Order. On June 3, 2010, Plaintiff served interrogatories, request for admissions and requests for production of

documents on Defendant.  On June 8, 2010 Defendant advised Plaintiff that responses to the discovery requests were not required because the discovery requests were served prior to the Rule 26 conference and prior to the entry of the scheduling order in this action.  Two days later, however, on June 10, 2010 the Court issued the Initial Scheduling Order, which provides in relevant part that  "This scheduling order is entered prior to the conference of parties and the filing of the joint report required under Rule 26 ... so that discovery may proceed expeditiously and without unnecessary delay." (Doc. 3, ¶(2))   Defendant did not serve responses to the discovery requests and consequently on August 2, 2010 Plaintiff filed a Motion To Compel Discovery requesting the Court to compel Defendant to serve responses (without objection) to the interrogatories and requests for production of documents and to deem Plaintiff's request for admissions as admitted. (Doc. 10.)  The Court granted the Motion To Compel Discovery and *inter alia* found that  all requests for admissions were deemed admitted. (Doc. 11.)  Three days later, on August 30, 2010 Plaintiff filed her Motion For Summary Judgment, largely relying upon the admissions. (Doc. 12.)

In its motion for reconsideration, Defendant contends that the failure to serve timely responses was due to exigent circumstances and that it should be permitted to amend the responses because amendment will facilitate resolution of the case on the merits and will not prejudice the Plaintiff. According to Plaintiff, unforeseen health problems of family members of Defendant's counsel as well as the recent office relocation of defendant's counsel were the cause for the delay in serving responses to the discovery requests.  Defendant also contends that Plaintiff's counsel filed her Motion To Compel Discovery (Doc. 10) without actually conferring with Defendant as

required by Local Rule 7.1(B). While the Court cannot determine from the docket whether counsel actually conferred by conducting a person to person conference regarding the outstanding discovery before the motion to compel was filed – as opposed to simply exchanging faxes and emails – the Court need not resolve this issue because there are other compelling reasons to allow the Defendant to amend its responses so that the case can be litigated on the merits.

The starting point for the analysis is the applicable rule. Rule 36(a) of the Federal Rules of Civil Procedure permits a party to serve on any other party a written request to admit the truth of any matters relating to the facts, the application of law to fact, opinions about either, or the genuineness of any described documents. Rule 36(a) further provides that a request for admission is deemed admitted by the party upon whom the request has been served unless an objection or answer to the request is filed within 30 days after service of the request for admission. Once a matter has been admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" under Rule 36(b). Rule 36(b) provides that the court may permit withdrawal or amendment of a deemed admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Based upon the language of Rule 36(b) the Eleventh Circuit instructs that district courts should apply a two part test in deciding whether to grant or deny a motion to withdraw or amend admissions. <u>Smith v. Nat'l. Bank</u>, 837 F.2d 1575, 1577 (11th Cir. 1988). The court must first consider whether the withdrawal or amendment of the response to the request for admission will serve the presentation of the merits, and

second, it must determine whether the withdrawal or amendment will prejudice the party who is relying upon the admission in its presentation of the case. Perez v. Miami-Dade County, 297 F.3d .1255, 1266 (11th Cir. 2002)(quoting Smith, 837 F.2d at 1577). The first step "emphasizes the importance of having the action resolved on the merits" and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. at 1266. The second step focuses on "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Id.

    This discretion this Court must exercise is guided by Perez – a case factually similar to this case. In Perez, – an action brought under § 1983 – the district court deemed the plaintiff's request that the county admit it had a policy, practice or custom allowing police officers to use unnecessary and unreasonable deadly force as admitted because the county had filed its response to the requests late. Because the admission was a core element of Plaintiff's § 1983 claim the admission "effectively ended the litigation." Consequently, the district court then proceeded to grant summary judgment as to liability based upon the deemed admissions. The Perez panel vacated the judgment and remanded the action finding that the district court abused its discretion by failing to apply the two part test and finding that if the district court had properly applied the test it would have ruled in favor of permitting the amendment of the admissions.

    In this case, like the plaintiff in Perez, the Motion For Summary Judgment is based largely upon the request for admissions that were deemed admitted. Plaintiff's requests for admissions went to the heart of the claims in this case and requested

4

Defendant to admit that it had committed a number of different actions each of which would constitute violations of the Fair Debt Collection Practices Act ("FDCPA").[1]

The purpose of Rule 36 is a time saver, designed "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial. Id. In contrast, however, when a party "uses the rule to harass the other side or ... with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Id. at 1268.

Applying the Eleventh Circuit two part test to the facts in this case counsels strongly in favor of permitting the Defendant to amend its response to the requests for admissions. First, there is little question that allowing Defendant to amend its responses to Plaintiff's request for admissions would promote the presentation of the merits of this action. If the requests are deemed admitted the Defendant will be denied the opportunity to contest the essential allegations of the case – before any substantial discovery has been completed. Moreover, denying Defendant the opportunity to amend the responses would be contrary to the purpose of the Rule and would deprive the parties and the Court of resolving the case on the merits.

As for the second step of the test, Plaintiff will not suffer any significant prejudice

---

[1] Those six actions by Defendant, each of which constituted FDCPA violations included: (1) calling the Plaintiff on her cell phone at work after Plaintiff asked Defendant not to call her during work hours, (2) Defendant's failure to identify its company name in every conversation with Plaintiff, (3) Defendant's failure to state that it was attempting to collect a debt in every conversation with Plaintiff, (4) Defendant's failure to send anything in writing to Plaintiff, and (5) calling Plaintiff ten times in a single day. (Doc. 12 p. 2.)

if Defendant is granted an opportunity to amend its responses to the request for admissions. While there always will be some prejudice to a party who has filed a motion for summary judgment based upon admissions when the admissions are withdrawn, the prejudice, if any, to Plaintiff will be minimal. Plaintiff's request for admissions were served very early in the case, at a point when very little discovery had been taken, and indeed before the Rule 26 conference had occurred or the Initial Scheduling Order was issued. Notably, allowing the Defendant leave to amend its responses to the request for admissions will not impact Plaintiff's ability to prove each claim and fact contained in the request for admissions. Requiring Plaintiff to prove the elements of her claims is not unduly prejudicial to her.

The Court therefore concludes that allowing Defendant to amend its responses to the requests for admissions will promote resolution of the case on the merits and will not cause any undue prejudice to the Plaintiff.

Because the Court is granting Defendant leave to serve responses to the requests for admissions – and those admissions form the gist of Plaintiff's Motion For Summary Judgment – the Defendant's request for an extension of time to respond to the motion for summary judgment also is due to be granted. Lastly, because the Court is granting Defendant leave to amend its responses to the requests for admissions the requests for admissions are not deemed admitted as previously found in the Court's August 27, 2010 order and to this extent the Defendant's motion for reconsideration is due to be granted.

Accordingly, for these reasons it is hereby **ORDERED** that :

(1) Defendant's Motion For Leave To Amend Responses To Request For Admissions (Doc. 14) is **GRANTED**. Defendant shall serve amended responses to Plaintiff's request for admissions on or before **October 25, 2010.**

(2) Defendant's Motion For Reconsideration (Doc. 13) is **GRANTED**, to the limited extent that Plaintiff's request for admissions are not deemed admitted because of Defendant's failure to timely serve responses.

(3) Defendant's Motion For Extension Of Time To Respond To Plaintiff's Motion For Summary Judgment (Doc. 16) is **GRANTED**. Defendant shall file its response to Plaintiff's Motion For Summary Judgment on or before **October 26, 2010.**

**DONE AND ORDERED** at Gainesville, Florida this 19th day of October 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge